

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON ROSARIO,

        Plaintiff,

  -against-

EL NUEVO AMANECER REST. CORP., et al.,

        Defendants.

19-CV-6789 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    This action has been referred to Judge Moses for general pre-trial management. (Dkt. No. 17.) Following Court-annexed mediation, the mediator has reported that the parties have reached an agreement on all issues in this case (Dkt. No. 40), which includes claims brought under the Fair Labor Standards Act (FLSA).

    If the parties wish to consent to the jurisdiction of the undersigned magistrate judge for review of their proposed settlement agreement for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), they shall do so no later than **March 3, 2021**.

    Thereafter, no later than **March 12, 2021** (and regardless of whether they have consented to magistrate judge jurisdiction), the parties shall submit: (a) a joint letter demonstrating that the settlement agreement is fair and reasonable and should be approved in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); (b) a copy of their fully executed settlement agreement, which will be placed on the public docket, *see Wolinsky*, 900 F. Supp. 2d at 335; and (c) if plaintiffs' counsel seek an award of attorneys' fees and costs, counsel's time and expense records, together with any contingency fee agreement in this action.

    The parties are cautioned that "it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015). This caution extends to so-called non-disparagement clauses, if such clauses prevent a plaintiff from making truthful statements concerning his employment, the lawsuit underlying the proposed settlement, or the settlement itself. *See Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.) (non-disparagement clause "must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case") (internal quotation marks omitted; modifications in original).

    The parties are further cautioned that courts in this District ordinarily refuse to approve FLSA settlements that include one-way or overbroad general releases. *See, e.g.*, *Lopez*, 2016 WL 1319088, at *2; *Pinguil v. We Are All Frank, Inc.*, 2018 WL 2538218 (S.D.N.Y. May 21, 2018) (Moses, M.J.).

2

      The parties are further cautioned that this Court's fairness review "extends to the reasonableness of attorneys' fees and costs." *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). Any proposed award of fees and costs must be memorialized in the written settlement agreement, signed by the parties, and supported by copies of counsel's contingency fee agreement (if any) and time and expense records, properly authenticated. *Id.* at 600. In addition, the Court expects a detailed explanation of the basis for the award. "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* at 606 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) (internal quotation marks omitted).

Dated: New York, New York  
      February 17, 2021                SO ORDERED.

                                                        **BARBARA MOSES**  
                                                        **United States Magistrate Judge**